Kuldip SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74741.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2006.*

Filed Oct. 02, 2006.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Abraham A. Simmons, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER *, District Judge.

MEMORANDUM **

Petitioner Kuldip Singh petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming in part and reversing in part an Immigration Judge's (IJ) decision regarding his application for asylum, withholding of removal and relief under the Convention Against Torture (CAT). We lack jurisdiction to review his claim for asylum, and we decline to address the merits of Singh's CAT claim, which is currently moot.

The parties are familiar with the facts of this case, and we do not recite them in detail. Singh, a native of India, is a member of the Shiromani Akali Dal Mann, a Sikh nationalist party dedicated to creating an independent state of Khalistan for Sikhs. After joining the group, Singh was arrested twice on account of his political activities and, on both occasions, subjected to beatings, torture, and imprisonment by Indian authorities. In February 2001, Singh learned from his wife (who remains in India) that his father died of injuries sustained after being detained by the police, also for political reasons.

The IJ denied Singh's claim for asylum, withholding of removal and CAT relief, but granted him voluntary departure. The IJ also entered an adverse credibility determination. On appeal, the BIA affirmed in part and reversed in part the IJ's decision. The BIA overturned the IJ's adverse credibility determination, finding Singh to be both credible and to have established past persecution based on political opinion. The BIA granted Singh's request for withholding of removal. However, it upheld the IJ's decision regarding asylum and CAT relief.

We lack jurisdiction over Singh's asylum claim because he failed to apply within one year of arriving in the United States. See 8 U.S.C. § 1158(a)(2). Singh argued to the IJ that his delay was excused on account of the "extraordinary circumstance" of incompetence of counsel.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**1.** He also argued to the IJ that his delay

Although ineffective assistance of counsel can constitute a basis for waiving the one-year filing deadline, *see* 8 C.F.R. § 1208.4(a)(5)(iii), the IJ determined that, in this case, the delay was due to Singh's own inadvertence. As the IJ noted, Singh concedes that he waited more than one year after his arrival in the United States before consulting with an attorney.

Before this court, Singh claims that the agency erred in two respects: (1) the IJ improperly concluded that Singh did not meet the BIA's procedural requirements[2] for an ineffective assistance of counsel claim; (2) Singh's attorney was so ineffective as to violate due process of law. On any view of the conceded facts, Singh's claims fail to raise a "constitutional question" or "question of law" over which we would have jurisdiction, *see* 8 U.S.C. § 1252(a)(2)(D), as the answer to any such question could not affect the denial of relief.

With respect to CAT, the issue is moot. The BIA *granted* Singh withholding of removal, the same relief for which he would be eligible under CAT. *See* 8 C.F.R. § 1208.16(c)(4), (d)(1). At this time, there is no additional remedy Singh can obtain through his CAT claim, and thus we decline to review it. *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (per curiam) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"). The claim is dismissed *without prejudice* to refile should Singh, in the future, find himself eligible for additional relief under CAT, including but not limited to deferral of removal.

PETITION FOR REVIEW DISMISSED.

---

should be excused due to "changed circumstances" stemming from the death of his father, though he does not press that claim in this petition.

**2.** These procedural requirements were introduced by *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), and are codified at 8 C.F.R. § 1208.4(a)(5)(iii).